PATRICK DUFFY v. SAMUEL THOMPSON, impleaded with JOHN W. MASON.

A passenger upon a voyage from a foreign country, may keep money designed for small personal expenses, in his trunk, while on board ship, and hold the ship owner responsible.

The rule differs from that applied where a passenger enters a stage coach or railroad car for a few days' travel. (See *Grant* v. *Newton*, 1 E. D. Smith, 95.)

A limited quantity of cloth, cut into patterns for garments, may be held a part of the wearing apparel of a passenger, and the carrier, in case of loss,.be liable therefor as baggage.

An objection is not available on appeal, where it has not been taken in the court below, nor specified in the notice as a ground of appeal.

THIS action was prosecuted to recover the value of a trunk and its contents, being the personal baggage of the plaintiff's assignor, lost on a passage from Liverpool to New York, in the steamer "Star of the West."  The plaintiff recovered a judgment against the defendant, Thompson, only, the evidence proving him to have been the owner of the ship.  The case now came up on his appeal.

The receipt held by the passenger was for a certain sum "for passage money and all charges."   Among the contents of the trunk, which formed a part of the recovery in the

Duffy *v.* Thompson.

court below, were fourteen yards of linen cut into shirt patterns, and $7 50 in money. The appellant contended that he was not liable, as a carrier, for either of these items.

The suit being prosecuted by an assignee of the claim, it was urged that the cause of action was not assignable. This objection, however, was not taken at the trial, nor specified in the notice of appeal.

*Peter A. Van Bergen,* for the appellant.

*Robert Dodge,* for the plaintiff.

DALY, J.—That the cause of action was not assignable was not made one of the grounds of appeal. The objection was not taken upon the trial, or included in the notice of appeal, and cannot now be taken advantage of.

No notice of the examination of the assignor was necessary. This we have repeatedly held.

The plaintiff proved that the defendant, Thompson, admitted that he was the owner of the vessel. This was sufficient to support a recovery against him. Judgment should have been rendered for the defendant, Mason, with costs.

The fourteen yards of fine linen were cut up into shirt patterns for the assignor, Duffy's, use. It was, consequently, part of his wearing apparel, and might be recovered for as baggage.

INGRAHAM, FIRST J.—I concur in the opinion of Judge DALY, that the judgment should be affirmed. I do not think the plaintiff should be required to deduct $7 50 which was in his baggage. I am not prepared to hold that even on inland routes the carrier is not liable for a necessary amount of money to pay the passenger's ordinary expenses. It is not necessary now to decide that point. On foreign voyages I have no doubt that a passenger may have in his trunk money, and that he is not required on the voyage to keep it at all times about his person. If there was error, it was in

excluding from the recovery other articles intended for the traveller's family. As the plaintiff does not appeal, that error cannot be remedied.

The contract of the ship owner was for the passage money and ten cubic feet of luggage. This is not confined to baggage; it embraces whatever the passenger brings with him of a character proper to be so transported. The money received is no more applicable to the passage money of the traveller, than to freight of his baggage—it applies to both.

A different rule, also, must govern in relation to the traveller from a foreign country from that which applies to one who, with his trunk, gets into a stage coach, or railroad car for a day's travel. In the one case the traveller is expected to take something more than ordinary baggage, and during the time he is on board of the vessel is entirely in the charge of the carrier, and at the mercy of the employees of the carrier. He is as much entitled to protection as to his property, as if he were at an inn, as well as travelling.

Under any view of this case, I think the judgment should be affirmed for the whole amount.

WOODRUFF, J.—I concur with Judge INGRAHAM, that it would be going too far to hold, as matter of law, that a passenger for a voyage to a foreign country may not keep his funds, designed for small personal expenses, in his trunk while on board ship, and hold the ship owner responsible. The case of *Grant* v. *Newton,* 1 E. D. Smith, 95, does not require us to go so far.

Judgment affirmed.